UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YOLANDA JUSTINA DE LA ROSA,

                Appellant,

      v.

KRISTA M. PREUSS and BANK OF AMERICA, N.A.,

                Appellees.

**MEMORANDUM AND ORDER**

26-cv-00703-LDH

---

LASHANN DEARCY HALL, United States District Judge:

On February 9, 2026, Yolanda Justina De La Rosa ("Appellant") filed an appeal of an order issued by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") dismissing her Chapter 13 bankruptcy action. (Notice of Appeal, ECF No. 1.) By motion dated March 25, 2026, Appellant seeks the entry of a stay pending adjudication of her appeal. (*See* Appellant's Emergency Mot. Stay ("Appellant's Mot."), ECF No. 4.) For the reasons set forth below, Appellant's motion to stay the Bankruptcy Court's order pending a determination on her appeal is DENIED.

In considering a request for a stay pending appeal of a bankruptcy court order, courts in this Circuit apply the following four-factor test: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility . . . of success on appeal, and (4) the public interests that may be affected." *Kahlon v. Am. Bank*, No. 24-CV-06843, 2024 WL 4665279, at *1 (E.D.N.Y. Nov. 4, 2024) (quoting *Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993)). Importantly, a stay pending appeal "involves extraordinary relief and the discretion of the court." *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL

1664849, at *3 (Bankr. N.D.N.Y. Apr. 3, 2018) (quoting I*n re Pine Lake Village Apartment Co.*, 21 B.R. 395, 398 (S.D.N.Y. 1982)).  As it follows, "[s]tays pending appeal are the exception, not the rule, and are granted only in limited circumstances."  *Id.* (quoting *In re Taub*, No. 08-44210, 2010 WL 3911360, at *2 (Bankr. E.D.N.Y. Oct. 1, 2010)).  A movant seeking a stay, therefore, bears a "heavy" burden to show that it is entitled to a stay.  *In re Giambrone*, 600 B.R. 207, 212 (Bankr. E.D.N.Y. 2019) (quoting *In re Gen. Motors Corp.*, 409 B.R. 24 (Bankr. S.D.N.Y. 2009)).  Indeed, the moving party "must show satisfactory evidence on all four criteria."  *Id.* (citation omitted); *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (2d Cir. BAP 1997)).  The Court will address each factor in turn.

*First*, Appellant argues that, absent a stay of the Bankruptcy Court's order, she would suffer irreparable harm from the sale of her real property.  (Appellant's Mot. at 3.)  The Court disagrees.  A showing of irreparable harm is the "principal prerequisite for the issuance of a stay."  *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1*, No. 23-CV-3985, 2023 WL 5127835, at *1 (S.D.N.Y. Aug. 10, 2023) (citation omitted).  "Such harm must be neither remote nor speculative, but actual or imminent."  *Id.* (quoting *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016)); *see also Kahlon*, 2024 WL 4665279, at *1 (quoting *In re Sabine Oil & Gas Corp.*, 548 B.R. at  681).  Of relevance here, "[t]he fact that [a] property will be sold absent a stay does not automatically constitute irreparable harm" because in certain instances any harm from the sale of the property "may be fully remedied by monetary damages."  *In re Giambrone*, 600 B.R. at 213 (citation omitted).  Here, Appellant has plainly established that any harm from the sale of her property would be "actual or imminent," particularly given the foreclosure sale scheduled to occur on

2

April 15, 2026. (Appellant Mot. at 1.) That said, Appellant has not established that any harm resulting from the sale of the property cannot be fully remedied by monetary relief. For example, Appellant does not argue that the relevant property is "a primary residence [or] that the sale of that property 'would have catastrophic financial and practical repercussions,' [such as] eviction." *G.L.A.D. Enters., LLC*, 2023 WL 5127835, at *2 (collecting cases). Indeed, Appellant argues that, at the time of the Bankruptcy Court's decision, she "was actively pursuing a sale of the subject property" herself. (Appellant's Mot. at 2.) As such, Plaintiff fails to establish that irreparable harm will result from the sale of the property.

*Second*, Appellant contends that, because "[she] seeks only to preserve the status quo" and "a stay would merely delay enforcement" of the foreclosure, "the balance of equities strongly favors granting a stay." (Appellant Mot. at 3.) In other words, Appellant argues that "[Appellees] will not suffer substantial harm if the [requested] stay is granted." *G.L.A.D. Enters., LLC*, 2023 WL 5127835, at *2; *Kahlon*, 2024 WL 4665279, at *2. Appellant is incorrect. "Courts in this Circuit have routinely held that issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors" like Appellees. *G.L.A.D. Enters., LLC*, 2023 WL 5127835, at *2 (collecting cases). Here, Appellees maintain that the bankruptcy court order that Appellant seeks to stay arises from the third bankruptcy action that Appellant has initiated since May 2024, with each action ultimately being dismissed by the Bankruptcy Court. (Appellees' Resp. Appellant's Mot. ("Appellees' Resp.") at 2, ECF No. 7.) Appellees further maintain that "Appellant is attempting to stall a foreclosure of her real property" by utilizing the Bankruptcy Court. (*Id.*) Beyond the mere conclusion that "the balance of equities strongly favors granting a stay," (Appellant Mot. at 3.), Appellant fails to establish that a stay pending appeal will not cause substantial injury to Appellees, particularly as a stay

3

will further impede Appellees' ability to seek recourse on a debt that they are entitled to collect. *Kahlon*, 2024 WL 4665279, at *2 (holding that the appellee would be subject to substantial injury by a stay of a bankruptcy court's decision when such stay would halt the foreclosure sale of the appellant's property, thus depriving the appellee of the ability to seek recourse of a debt in default since 2018). As such, Appellant fails to satisfactorily demonstrate that Appellees will not suffer substantial harm should the Court grant a stay.

*Third*, Appellant argues that she raises "substantial legal issues, including a violation of [her] due process" rights, and that "the record demonstrates that [she] acted in good faith . . . for the benefit of the creditor," making any default "excusable and not willful." (Appellant's Mot. at 3.) And, as Appellant's argument goes, "[t]hese issues present serious questions going to the merits of the [instant] appeal," on which she is likely to succeed. (*Id.*) Not so. To ultimately succeed, a debtor must show that a bankruptcy court's decision is "erroneous and, thus, substantially likely to be reversed on appeal." *G.L.A.D. Enters., LLC*, 2023 WL 5127835, at *3 (quoting *In re Magnale Farms, LLC*, 2018 WL 1664849, at *3). That is, a debtor must show that a bankruptcy court judge abused his or her discretion. *Kahlon*, 2024 WL 4665279, at *2. Here, the Bankruptcy Court dismissed Appellant's Chapter13 bankruptcy action, pursuant to 11 U.S.C. § 1307(c), because, *inter alia*: (1) "[Appellant] failed to failed to file copies of payment advices or other evidence of payment received from any employer within the last 60 days before the filing of the petition as required by 11 U.S.C. §521(a)(1)(B)(iv)"; (2) "[Appellant] failed to commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. §1326(a)(1)"; (3) "[Appellant] failed to comply with 11 U.S.C. §521(e)(2)(A)(i) in that [Appellant] failed to provide the Trustee with a copy of a federal income tax return or transcript for the most recent year 7 days before the first meeting of creditors"; (4) "[Appellant] failed to be

4

examined at the Section 341 Meeting of Creditors as required by 11 U.S.C. §343"; and (5) "[Appellant] failed to serve the plan on the trustee and all creditors within 7 days of filing the plan, and to file proof of service thereof as required by E.D.N.Y. LBR 3015-1(b)."  (Order Dismissing Case at 1-2, *De La Rosa v. Preuss*, Chapter 13 Case No. 8-25-73526-ast (Bankr. E.D.N.Y. Jan. 26, 2026), Dkt. No. 27).  Stated differently, the Bankruptcy Court dismissed Appellant's Chapter 13 bankruptcy case for failure to comply with obligations set forth in the Bankruptcy Code.  (*Id.*)  Courts in this district have found that "[w]hen a '[d]ebtor has not complied with a number of her obligations imposed by the Bankruptcy Code, relief under § 1307(c)[, including dismissal,] is appropriate.'"  *Rivera v. JP Morgan Chase*, No. 20-CV-5436, 2021 WL 1999410, at *4 (E.D.N.Y. May 19, 2021) (quoting *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010)).  That is, a bankruptcy court does not abuse its discretion when dismissing a debtor's Chapter 13 bankruptcy action based on the debtor's failure to comply with the requirements enumerated in the Bankruptcy Code.  Tellingly, Appellant advances no arguments with respect to how, if at all, the Bankruptcy Court erred or abused his discretion when dismissing her Chapter 13 bankruptcy action for failure to comply with the Bankruptcy Code. (*See* Appellant's Mot.)  Appellant maintains, instead, that the Bankruptcy Court abused his discretion by dismissing Appellant's case prior to any hearing and "meaningful opportunity for [Appellant] to be heard." (Appellant's Mot. at 3.)  However, as noted by the Bankruptcy Court in its dismissal order, on November 6, 2025, a hearing occurred before the Bankruptcy Court as to Appellee Preuss's application for an order to dismiss Appellant's Chapter 13 bankruptcy action.  (Order Dismissing Case at 1-2, *De La Rosa v. Preuss*, Chapter 13 Case No. 8-25-73526-ast (Bankr. E.D.N.Y. Jan. 26, 2026).)  And, as further noted by the Bankruptcy Court, "no one appeared on behalf of Appellant" at the hearing, including Appellant herself.  (Order Dismissing

Case at 1-2, *De La Rosa v. Preuss*, Chapter 13 Case No. 8-25-73526-ast (Bankr. E.D.N.Y. Jan. 26, 2026).)  Thus, contrary to Appellant's argument, Appellant was not "deprived of a meaningful opportunity to be heard." (Appellant's Mot. at 3.)  Rather, Appellant refused to avail herself of an opportunity to be heard.  Appellant, not having availed herself of this opportunity to be heard, cannot now claim that she was deprived of her constitutional right to due process.  *See Capul v. City of N.Y.*, No. 19-cv-4313, 2020 WL 2748274, at *13 (S.D.N.Y. May 27, 2020) ("Plaintiffs are not entitled to circumvent established due process protections and then claim they were never afforded such protections."), *aff'd* 832 F. App'x. 766 (2d Cir. 2021).  It is, therefore, plain that the Bankruptcy Court did not abuse its discretion.  Accordingly, Appellant failed to provide sufficient evidence that she is likely to succeed on the merits of her appeal.

*Fourth*, Appellant maintains that a stay would serve the public interest by "ensuring that appellate rights are preserved and that judicial review is meaningful." (Appellant Mot. at 4.)  However, in general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *In re LATAM Airlines Grp. S.A.*, No. 20-11254, 2022 WL 2657345, at *11 (Bankr. S.D.N.Y. July 8, 2022).  That is particularly so where a debtor has abused the bankruptcy process to "frustrate and delay . . . creditor[s] from exercising [their] legitimate rights." *In re Melton*, 2011 WL 1600506, at *5 (Bankr. E.D.N.Y. Apr. 27, 2011); *see Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995) (agreeing with the bankruptcy court that denying the appellant-debtor's requested stay was in the public interest because the appellant-debtor "had repeatedly failed to meet his obligations under the bankruptcy law and could not be permitted to use the protection of the automatic stay to put off indefinitely the foreclosure of h[er] property.").  As discussed, *supra*, it is clear to the

6

Court that Appellant has utilized the bankruptcy process as a means of delaying Appellees' ability to exercise their legitimate rights.  Accordingly, a stay would not be in the public interest.

For the foregoing reasons, Appellant's motion to stay the Bankruptcy Court's order pending resolution of her appeal is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      April 9, 2025

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

7